J-S04005-18

**2NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :          PENNSYLVANIA
                                            :
          v.                            :
                                            :
ROBERT LEE BIEBER                :
                                            :
         Appellant                :      No. 1057 MDA 2017

Appeal from the Judgment of Sentence April 13, 2016
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-CR-0000207-2015

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :          PENNSYLVANIA
                                            :
          v.                            :
                                            :
ROBERT LEE BIEBER                :
                                            :
         Appellant                :      No. 1058 MDA 2017

Appeal from the Judgment of Sentence April 13, 2016
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-CR-0000434-2015

BEFORE: SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:               **FILED MARCH 08, 2018**

Appellant, Robert Lee Bieber, appeals from the judgments of sentence entered on April 13, 2016, following his January 8, 2016 guilty plea to statutory sexual assault, 18 Pa.C.S. § 3122.1(b), at Wyoming County Court of Common Pleas Docket Number 207-2015, and indecent assault, 18

Pa.C.S. § 3126(a)(7), at Docket Number 434-2015. Appellate counsel has filed a petition to withdraw representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).[1] After review, we deny counsel's petition to withdraw as counsel, reverse the order finding Appellant to be a Sexually Violent Predator ("SVP") and remand to the trial court to advise Appellant of his obligations under Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10–9799.41. In all other respects, we affirm the judgments of sentence.[2]

The trial court summarized the facts of the crime and procedural history as follows:[3]

> [O]n or about December 23, 2014[,] Pennsylvania State Police received a telephone call from [C.S.] who stated her eight year old daughter (hereinafter "L.S.") was sexually molested by [Appellant] while visiting [Appellant's] daughter at [Appellant's] residence on December 20, 2014.
>
> An interview was scheduled and conducted at the Children's Advocacy Center.

---

[1] We note with disapproval the Commonwealth's failure to file a brief in this matter.

[2] As our disposition addresses the reasons Appellant set forth in support of his Response to Counsel's **Anders** Brief and Application for Change of Appointed Counsel, filed on December 18, 2017, that Application is dismissed as moot.

[3] Appellate counsel has failed to attach to his brief a copy of the trial court opinion in contravention of Pa.R.A.P. 2111(b).

According to the interview contained in the Affidavit of Probable Cause:

L.S. stated she went to [Appellant's] house for the weekend to visit her friend. While sleeping, [Appellant] woke her up and took her into the bathroom, pulled up her night gown, which was a tee shirt [Appellant] gave her to wear as a night gown. [Appellant] then pulled down her underpants. He then pulled down his pants and put his bad part in her bad part. L.S. stated white stuff came out of his bad part and went on her legs, the carpet/throw rug and the floor. L.S. further stated [Appellant] then told her to wipe the white stuff off of her, which she did, using tissues. L.S. then threw the tissues in the garbage can that was in the bathroom. [Appellant] told her to get dressed and go back to bed, which she did. When asked during the interview what L.S. meant by his bad parts, she pointed to her crotch area to indicate the area of the bad part for [Appellant]. When asked what L.S. meant by her bad part, she again pointed to her crotch area.

L.S. was seen by Dr. Rogan, the Children's Advocacy Center doctor. Dr. Rogan found signs of irritation, redness, tenderness and swelling around L.S.'s vagina and rectum/anus. All signs were not normal. He also observed a white viscous discharge matter in the same area. Samples were gathered for a rape kit, said kit was turned over to the Pennsylvania State Police for further action.

[T]he State Police took possession of L.S.'s underpants she was wearing the night of the incident. The underpants and the rape kit were transported to the PSP [Pennsylvania State Police] crime lab for analysis.

A search warrant was obtained for [Appellant's] residence. At the time of the search, PSP took possession of throw rugs, garbage can, nine paper towels or tissues that had been used and deposited into the garbage can.

\* \* \*

On March 16, 201[5], police obtained a search warrant for [Appellant's] DNA and obtained a sample the next day.

Trial Court Opinion, 8/10/17, at 1–3.

Police filed a criminal information at Wyoming County Court of Common Pleas Docket Number 207-2015, charging Appellant with one count each of rape, statutory sexual assault: complainant under sixteen years old and the defendant is eleven years or more older, involuntary deviate sexual intercourse with a child, involuntary deviate sexual intercourse: complainant less than thirteen years old, aggravated indecent assault of a child, aggravated indecent assault without consent, aggravated indecent assault: complainant less than thirteen years old, aggravated indecent assault: complainant less than sixteen years old and the defendant is four or more years older, indecent assault: complainant less than thirteen years old, corruption of minor, indecent assault without consent, and indecent assault: complainant less than sixteen years old and defendant is four or more years older.[4]

Police filed an additional affidavit of probable cause against Appellant on May 29, 2015, asserting that the Pennsylvania State Police received information regarding Appellant's alleged sexual assault of a different minor child, B.V., when the child was three years old. The trial court summarized that incident as follows:

---

[4]    18 Pa.C.S. §§ 3121(c), 3122.1(b), 3123(b), 3123(a)(7), 3125(b), 3125(a)(1), 3125(a)(7), 3125(a)(8), 3126(a)(7), 6301(a), 3126(a)(1), 3126(a)(8), respectively.

B.V. stated the first time [Appellant] touched her was at her Aunt Amy's[5] house for a sleepover. While she was sleeping she heard a noise and thought Aunt Amy got up. [Appellant] had been in the room with B.V. and when Amy came into the room to check on the children, [Appellant] hid under the bed. B.V. was sleeping in bed with one of the other children and [Appellant] woke her up and took her into the bathroom and touched her. [Appellant] then took [B.V.] by the hand into the bathroom and touched her privates with his hand. Upon being asked where [Appellant] touched B.V. she pointed to her vaginal area to indicate where she was touched. [Appellant] touched her with the tip of his fingers over her clothes in the vaginal area. B.V. did not touch [Appellant] and said that he was wearing jeans and a shirt. [Appellant] then took B.V. back to the bedroom and told her not to tell anyone.

Trial Court Opinion, 8/10/17, at 4.

On December 1, 2015, police filed a criminal information at Wyoming County Court of Common Pleas Docket Number 434-2015 regarding B.V., charging Appellant with one count of corruption of a minor: defendant over age eighteen, three counts of indecent assault: complainant less than thirteen, and two counts of endangering the welfare of children.[6]

Appellant pled guilty as noted above on January 8, 2016. An evaluation by Paula B. Burst of the Pennsylvania Sexual Offenders Assessment Board ("SOAB") disclosed Appellant's prior convictions in Ohio of two counts of gross sexual imposition of a ten-year-old girl. Trial Court

_____

[5] The trial court also revealed that Appellant's former paramour was a woman named Amy and that Appellant requested to speak to her while he was in custody. Trial Court Opinion, 8/10/17, at 3.

[6] 18 Pa.C.S. §§ 6301(a)(1)(ii), 3126(a)(7), and 4304(a)(1), respectively.

Opinion, 8/10/17, at 6. Following a hearing on April 11, 2016, the trial court found Appellant to be an SVP. *Id*. at 7.

The trial court reviewed "an extensive Pre Sentence Investigation report ["PSI"] and evaluative summary"[7] and held a sentencing hearing on April 13, 2016. Trial Court Opinion, 8/10/17, at 7. At Docket Number 207-2015, the trial court sentenced Appellant to a term of imprisonment of 120 to 240 months, the statutory maximum. At Docket Number 434-2015, the court sentenced Appellant to a consecutive term of incarceration of thirty to sixty months, the statutory maximum.

Appellant filed a post-sentence motion on April 14, 2016, which the trial court denied on April 15, 2016. Defense counsel also filed a motion for leave to withdraw as counsel on April 14, 2016, which the trial court granted on April 15, 2016, and contemporaneously appointed new counsel for Appellant. Order, 4/15/16. Appellant did not file a direct appeal.

On November 22, 2016, Appellant filed a *pro se* petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[8] The trial court appointed counsel. It appears there was a

_____

[7] The PSI report is not contained in the record certified on appeal.

[8] The record contains a letter from newly appointed counsel to Appellant that states:

> Under Pennsylvania law, a judge has 120 days to rule on a post sentence motion. Once the [c]ourt rules on the motion, an

*(Footnote Continued Next Page)*

PCRA hearing on June 7, 2017, but the certified record lacks a transcript from the hearing. The trial court, on June 9, 2017, entered an order dated June 7, 2017, stating in pertinent part, "Based upon the Stipulation of Counsel and upon agreement of [Appellant]," . . . "the use of hearsay evidence by the [SOAB] has no merit." Order, 6/9/17. However, the trial court noted that due to "extenuating circumstances," a direct appeal was not filed. *Id*. The trial court, therefore, reinstated Appellant's appellate rights. Appellant filed timely counseled notices of appeal, which we consolidated for appeal on August 30, 2017. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

Initially, we must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*).

*(Footnote Continued)* ───────────

> appellant then has 30 days to file a timely appeal. In anticipation of the coming deadline for the [c]ourt to rule, we pulled the sealed documents relating to your case and discovered that there appears to have been a mix up regarding the post sentence motion. It appears that the motion was denied on April 15, 2016. However, the motion did not have the usual listing of parties served at the bottom. This normally indicates who would have received a copy of the ruling, but without the list[,] it is unclear as to who actually was served with a copy. I have attached a letter I received that further states that [defense counsel] did not receive a copy. [Defense counsel] indicated he was unaware of the ruling.
>
> Because of the date of ruling, a traditional appeal would now be untimely and your rights to appeal would be quashed. In light of this, I suggest that you file a post-trial motion/PCRA.

PCRA petition, 11/22/16, at supplement to page 7.

*See Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) ("When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to [his client]; and 3) advise [his client] that he or she has the right to retain private counsel or raise additional arguments that the [client] deems worthy of the court's attention.

*Cartrette*, 83 A.3d at 1032 (citation omitted).

In addition, our Supreme Court, in *Santiago*, stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Appellant's counsel has complied with the first prong of **Santiago** by providing a summary of the procedural history in the **Anders** brief.[9] He has satisfied the second prong by referring to any evidence in the record that he believes arguably supports the appeal. Counsel also set forth his conclusion that the appeal is frivolous and stated his reasons for that conclusion, with appropriate support. Moreover, counsel filed a separate motion to withdraw as counsel, wherein he stated that he examined the record and concluded that the appeal is wholly frivolous. Further, counsel has attempted to identify and develop any issues in support of Appellant's appeal. Additionally, counsel sent a letter to Appellant. While counsel originally failed to attach a copy of this letter to the withdrawal petition, following our December 5, 2017 order directing same, counsel provided proper notification to this Court on December 8, 2017, and attached a copy of the letter to Appellant to his **Anders** brief. In the letter, counsel informed Appellant that he had filed an **Anders** brief, and he apprised Appellant of his rights in light of the motion to withdraw as counsel. On December 18, 2017, Appellant filed a response, which included an Application for Substitution of Appointed Counsel, *supra* note 2, that we dismiss as moot, *infra*.

---

[9] Counsel has failed to report record citations in his procedural and factual summary, in contravention of Pa.R.A.P. 2119(c). We admonish counsel that it "is not this Court's responsibility to comb through the record seeking the factual underpinnings of [Appellant's] claim." **Irwin Union Nat. Bank & Tr. Co. v. Famous**, 4 A.3d 1099, 1103 (Pa. Super. 2010) (citing **Commonwealth v. Mulholland**, 702 A.2d 1027, 1034 n.5 (Pa. 1997)).

Based on the foregoing, we conclude that counsel has met the procedural and briefing requirements of **Anders** and **Santiago** for withdrawal. Therefore, we now have the responsibility to make an independent judgment regarding whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Tukhi**, 149 A.3d 881, 886 (Pa. Super. 2016).

In the **Anders** brief, counsel presents the following issues for our review:

(I) The reasons for sentencing in the statutory range as they relate to [Appellant's] prior record were already factored into the Standard Range Guidelines and, as such, the court improperly enhanced an already enhanced sentence.

II. Documents obtained by the Probation Department concerning [Appellant's] conviction in Ohio constituted *ex parte* research because the Probation Department employees are employees of the court.

III. The sentencing court's use of the ages of the victims as aggravating factors was improper as the ages constituted elements of the offense for the purpose of grading and, as such, the sentencing court enhanced an already enhanced sentence.

IV. The sentencing court's use of information from the [SVP] hearing and [SVP] Assessment violated the Confrontation Clause of the State and Federal Constitutions because the full panoply of standard objections, including hearsay, were unavailable during testimony of the SOAB witness.

V. That certain of the reasons for aggravating the sentence of [Appellant] were no different than any similar criminal event by any similar criminal defendant.

VI. That the sentencing court failed to take into account any mitigating circumstances when fashioning the sentence.

**Anders** Brief at 14–15, 17, 19–21 (footnote omitted).

- 10 -

These issues present a challenge to the discretionary aspects of Appellant's sentence. Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and his challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987); *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test. We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013). An appellant must articulate the reasons the sentencing court's actions violated the Sentencing Code. *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010); *Sierra*, 752 A.2d at 912–913.

In the instant case, Appellant filed a timely appeal, and the issues, except Issue VI, were properly preserved in his post-sentence motion. The *Anders* brief does not contain a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence pursuant to Pa.R.A.P. 2119(f). The absence of such statement,

however, is not an impediment to our review of the discretionary-sentencing claims. *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (noting where counsel has filed an *Anders* brief, "we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous.").

Issue VI, that the trial court failed to consider mitigating factors, is waived because Appellant failed to raise it in his post-sentence motion. Post Sentence Reconsideration Motion, 4/14/16. Even if not waived, the issue does not raise a substantial question. A claim that the trial court failed to consider mitigating factors in sentencing generally does not raise a substantial question. *Commonwealth v. Rhoades*, 8 A.3d 912, 918–919 (Pa. Super. 2010). *See Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa. Super. 2008) (claim that court failed to consider mitigating factors in imposing consecutive sentences did not raise substantial question); *Commonwealth v. Bullock*, 868 A.2d 516, 529 (Pa. Super. 2005) (where no specific provision of sentencing code or fundamental norm is identified in claim that court failed to consider mitigating factors, no substantial question raised). Furthermore, the issue lacks merit. The court received and reviewed the PSI report and entertained comment regarding Appellant's abusive childhood. N.T., 4/13/16, at 9. When a trial court receives a PSI report, we assume the court was aware of the relevant information

regarding the defendant's character and weighed it with other relevant mitigating factors. ***Rhoades***, 8 A.3d at 919.

Issue II, while raising a substantial question, ***Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa. Super. 2009) (allegation that the court considered an impermissible sentencing factor raises a substantial question), is waived as well. Appellant suggests the trial court's reliance on the Probation Department's use of records from Ohio substantiating Appellant's guilty pleas to two separate offenses of Gross Sexual Imposition involving minor children, in that they formed the basis for Appellant's prior record score, was error. The case relied upon by counsel, ***Commonwealth v. McClure***, 172 A.3d 668 (Pa. Super. 2017), is not relevant and is distinguishable because it involved *ex parte* communication between the court and counsel and did not involve documents utilized in sentencing. More importantly, however, defense counsel asserted at sentencing that the prior record score of two, as determined by the Probation Department in reliance on the Pennsylvania equivalent to the Ohio convictions, was correct. N.T., 4/13/16, at 7. Counsel never asserted in his presentence memorandum or at the sentencing hearing that the Probation Department's reliance on the Ohio indictment or Ohio sentencing order was improper. Indeed, the asserted reason for claiming such improper reliance was to suggest that the prior record score should have been zero not two, Appellant's Sentencing Memorandum, 4/5/16, a conclusion that Appellant

- 13 -

ultimately retracted at the sentencing hearing. N.T., 4/13/16, at 7. Finally, the trial court's June 9, 2017 order confirmed Appellant's agreement to the use of the Ohio documents. Order, 6/9/17. Thus, this claim is waived.

We address issues I, III, and V together as they are all related.[10] The issues are inartfully worded and lacking in clarity. Nevertheless, we discern from our review of the **Anders** brief that counsel is alleging that the trial court sentenced Appellant outside of the Sentencing Guidelines to the statutory maximum by improperly relying on factors that already were considered by the Guidelines. **Anders** brief at 14, 17, 20. This Court has held that claims of a sentencing court imposing a sentence outside of the standard guidelines without stating adequate reasons on the record presents a substantial question. **Commonwealth v. Antidormi**, 84 A.3d 736, 759 (Pa. Super. 2014) (citing **Commonwealth v. Robinson**, 931 A.2d 15, 26 (Pa. Super. 2007)). The factors Appellant underscores are the court's references to Appellant's prior criminal record, the ages of the child victims, and the fact that Appellant was in a position of trust as a caregiver when he committed the crimes. **Id**.

We note our standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an

---

[10] We note that Issue IV is moot in light of our disposition regarding Appellant's SVP status and is discussed *infra*.

- 14 -

abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (internal quotation marks and citations omitted). A sentencing court "is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id***.

If a court imposes a sentence outside of the Sentencing Guidelines, which are not mandatory, ***Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007), "it must provide a written statement setting forth the reasons for the deviation[,] and the failure to do so is grounds for resentencing." ***Id***. at 963. Moreover, "the central focus of substantive appellate review with respect to a sentence outside of the guidelines is whether the sentence is 'unreasonable.'" ***Id***. As our Supreme Court explained, our examination of a sentence is deferential because the "sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." ***Id***. at 961 (citation and quotation marks omitted). "Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing

decisions are difficult to gauge from the cold transcript used upon appellate review." *Id*.

Pursuant to the Sentencing Code, we may vacate a sentence if we find 1) that the court intended to sentence within the guidelines but "applied the guidelines erroneously;" 2) a sentence was imposed within the guidelines "but the case involves circumstances where the application of the guidelines would be clearly unreasonable;" or 3) "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c). "In all other cases the appellate court shall affirm the sentence imposed by the sentencing court." *Id*.

Here, the record indicates that the sentences imposed were outside of the Sentencing Guidelines. Docket Number 207-2015 Guideline Sentence Form, 4/14/16; Docket Number 434-2015 Guideline Sentence Form, 4/14/16. We conclude, however, that the sentences were not unreasonable.

We recently reiterated:

> In [**Commonwealth v.**] **Shugars**, [895 A.2d 1270, 1274–1275 (Pa. Super. 2006),] we explained that while "it is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing or decreasing a sentence to the aggravated or mitigated range," a trial court may "use prior conviction history and other factors already included in the guidelines if, they are used to supplement other extraneous sentencing information." 895 A.2d at 1275 (quoting **Commonwealth v. Simpson**, 829 A.2d 334, 339 (Pa. Super. 2003)) (emphasis in original).

**Commonwealth v. Rush**, 162 A.3d 530, 545–546 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1049 (Pa. 2017).

That the trial court mentioned Appellant's prior criminal history or noted the fact that Appellant was in a position of trust when he committed the crimes does not demonstrate that the court "double counted" sentencing factors. The trial court considered the sentencing factors set forth in 42 Pa.C.S. § 9721(b), including the impact on the victims' lives, the threat Appellant posed to the community, the likelihood Appellant would re-offend, and Appellant's lack of remorse. N.T., 4/13/16, at 17–18. Therefore, we conclude that the reference to the ages of the victims and Appellant's position of trust were just two factors among several that led to the sentences outside of the Guidelines. *Shugars*, 895 A.2d at 1275. The trial court deviated from the Guidelines and imposed sentences that took into account "the protection of the public, the gravity of the offense as it relates to the impact on the life of the . . . community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b); *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008). As such, we reject Appellant's claims and find that the sentences imposed were not unreasonable.

There remains the matter of Appellant's Application for Change of Appointed Counsel and the issues Appellant asserts in support of it. We have addressed the propriety of Appellant's sentence and the court's reference to the Ohio convictions, which are two of the three reasons identified by Appellant in seeking substituted counsel. Response to Counsel's *Anders* Brief and Application for Change of Appointed Counsel,

12/18/17, at unnumbered 1–2. The third reason is Appellant's claim that his SVP designation is unconstitutional in light of **Commonwealth v. Muniz**, 135 A.3d 178 (Pa. 2017). For the following reasons, we reverse the order finding that Appellant is an SVP and remand for the trial court to advise Appellant of his obligations under SORNA.

Applying **Muniz**, 164 A.3d 1189, **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Alleyne v. United States**, 570 U.S. 99 (2013), in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), this Court found that 42 Pa.C.S. § 9799.24(e)(3) of SORNA is unconstitutional. As a result, we held that "trial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism." **Butler**, 173 A.3d at 1218. Here, Appellant was determined to be an SVP under the now unconstitutional SVP mechanism. In light of **Butler**, we must reverse the trial court's SVP order and remand this case to the trial court for the sole purpose of issuing the appropriate notice under 42 Pa.C.S. § 9799.23. **Id**.

We have independently reviewed the record in order to determine if counsel's assessment concerning the frivolous nature of the present appeal is correct. **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (after determining that counsel has satisfied the technical requirements of **Anders** and **Santiago**, this Court must conduct an independent review of the record to determine if there are additional, non-

frivolous issues overlooked by counsel). Following our independent review of the record, we conclude that counsel overlooked the SVP issue that has now resulted in a remand to the trial court. Accordingly, because the appeal includes a non-frivolous issue, we cannot permit counsel to withdraw at this time. *See Commonwealth v. Orellana*, 86 A.3d 877, 882 (Pa. Super. 2014) ("*Anders* withdrawal is only permissible in an appeal consisting solely of frivolous issues."). Therefore, we deny counsel's petition to withdraw.

Petition to Withdraw as Counsel denied. Application for Change of Appointed Counsel dismissed as moot. April 14, 2016 SVP order reversed. Judgments of sentence affirmed in all other respects. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2018